IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ORLANDIS M. DUNN<br>3804 E. 155th Street<br>Cleveland, Ohio 44128<br><br>   Plaintiff,<br><br> vs.<br><br>MERIT SYSTEMS PROTECTION BOARD<br>1615 M Street, NW<br>Washington, DC 20419<br><br>   Defendant. | CASE NO.<br><br>JUDGE<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND ENDORSED HEREON |

## **NATURE OF THE ACTION**

This is an action seeking judicial review of a decision by the Merit Systems Protection Board ("MSPB" or the "Board") pursuant to 5 U.S.C. § 7703.

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this civil action under 28 U.S.C. §1331.

2. Venue is proper in the United States District Court for the Northern District of Ohio under 28 U.S.C. § 1391 because the events giving rise to the underlying claim occurred in this judicial district.

## **PARTIES**

3. Plaintiff is a former federal sector employee of the United States Postal Service who pursued an Equal Employment Opportunity (EEO) complaint through all available administrative processes.

4. Defendant MSPB is an independent, quasi-judicial agency in the federal Executive branch

that serves as the guardian of Federal merit systems, and whose decision is being challenged in this case.

5. Plaintiff has exhausted all administrative remedies.

## COUNT I

6. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

7. Plaintiff, a veteran and preference eligible employee, was a carrier technician at the U.S. Postal Service's (the "Agency") South Euclid Branch in Cleveland, Ohio. The Agency terminated Plaintiff from employment based on an alleged failure to maintain a regular work schedule, effective March 13, 2015.

8. Plaintiff contacted an EEO counselor on April 21, 2015, within the 45-day period set forth in 29 C.F.R. § 1614.105(a)(1). Plaintiff was told that because postal workers have a very large number of EEO complaints they should try to resolve issues at the lowest level possible by going through the union first. The EEO counselor told Plaintiff to go through the union grievance process first and, if the matter was not resolved that way then to call back and go forward with an EEO complaint.

9. The Agency's EEO office closed Plaintiff's request for counseling by letter dated May 14, 2015, giving as the reason that Plaintiff had not returned a pre-complaint counseling form or provided information to process his EEO complaint.

10. Plaintiff filed and pursued a grievance to arbitration. The Arbitrator denied Plaintiff's grievance on the grounds that his grievance was untimely.

11. After the issuance of the arbitrator's decision on August 20, 2015, Plaintiff again contacted an EEO counselor with the Agency on August 25, 2015, alleging disability discrimination over his removal.

12. On June 10, 2016, the Agency issued a final decision finding no discrimination. On

July 20, 2016, Plaintiff filed a timely appeal with the MSPB.

13. The Agency moved to dismiss the appeal on the grounds that Plaintiff had not made timely contact with an EEO counselor.

14. The administrative judge issued an initial decision finding the actual date of Plaintiff's initial contact with the Agency's EEO counselor was August 25, 2015, not April 21, 2015, and because August 25, 2015 exceeded the 45-day time limit imposed by 29 C.F.R. § 1614.105(a)(1), the administrative judge found that the appellant's formal complaint of discrimination was untimely. (See Exhibit 1, Initial Decision by MSPB administrative judge.)

15. Plaintiff filed a timely petition for review with the Board arguing he had in fact made timely contact with an EEOC counselor on April 21, 2015, and that he was entitled to a hearing on the matter (which he had requested).

16. By Final Order issued on February 9, 2023 the Board determined that Plaintiff failed to file a timely formal complaint of discrimination under 5 C.F.R. § 1201.154, regardless of whether the appellant's initial contact date with an Agency EEO counselor was April 21, 2015, or August 25, 2015. (See Exhibit 2, the Board's Final Order.)

17. On March 6, 2023, Plaintiff filed a petition with the Equal Employment Opportunity Commission (the "Commission") asking for review of the Final Order issued by the Board concerning his claim of discrimination in violation of Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et seq. On April 6, 2023, the Commission determined not to consider the Final Order, making the Board's Final Order judicially reviewable under 5 U.S.C. § 7702(a)(3)(B). (See Exhibit 3, Commission's Denial of Consideration.)

18. It is undisputed that Plaintiff made initial contact with an EEO counselor on April 21, 2015, within the required 45-day period. The EEO counselor misled Plaintiff by telling him he had to go through the union grievance process first before pursuing an EEO complaint.

19. Moreover, once an employee makes initial contact with an EEO counselor, 29 C.F.R. §§ 1614.105 imposes duties only on the Agency. Specifically, 29 C.F.R. §§ 1614.105(d) requires the Agency to issue a Notice of Final Interview (NOFI) informing the employee of the 15-day deadline to file a formal complaint.

20. The EEOC regulation pertaining to dismissals, 29 CFR 1614.107, applies only to formal complaints, not informal contacts. Thus, the Board erred in paragraph 10 of its Final Order when it found that "[b]ecause the appellant [i.e., Plaintiff] did not continue with the pre-complaint process outlined in 29 C.F.R. § 1614.105, there was no timely complaint filed, or any formal complaint at all .... Therefore, we find that, due to the appellant's own inaction, he failed to file a timely formal complaint of discrimination and ... the ultimate dismissal for untimeliness was proper." The Board could not properly reach this conclusion without a finding that the Agency EEO office issued a NOFI, which would have advised him as required by 29 C.F.R. § 1614.105(d) that he had 15 days to file a complaint. It is undisputed that the Agency never issued a NOFI to Plaintiff.

21. The failure to file a complaint following Plaintiff's initial contact with an EEO counselor in April 2015 was the direct result of the EEO's counselor misrepresentations to Plaintiff and the Agency's failure to abide by 29 C.F.R. § 1614.105(d).

22. The Board erred by finding that the absence of a complaint was due to Plaintiff's inaction, when in fact any such inaction was due to the EEO counselor's misrepresentations and the Agency's failure to give notice as required by 29 C.F.R. § 1614.105(d), and by finding Plaintiff was not entitled to a hearing.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Reverse the decision of the MSPB and remand for consideration of Plaintiff's claim on the merits at a hearing.

B. Award Plaintiff the costs of this action, including reasonable attorney's fees; and

C. Award, order and grant Plaintiff such other legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
13800 Shaker Blvd., Suite 102
Cleveland, Ohio 44120
Telephone: (216) 522-0011
Telecopier: (844) 548-3570
dwneel@neellaw.com

*Attorney for Plaintiff Orlandis M. Dunn*

## JURY DEMAND

Plaintiff requests a jury trial on all issues as to which he may be entitled to a jury.

*/s/ David W. Neel*
David W. Neel (0033611)